MR. JUSTICE HUNT,
dissenting:
I dissent and would reverse. Summary judgment is not appropriate in this case.
In Northwestern National Casualty Company v. Phalen (1979), 182 Mont. 448, 597 P.2d 720, this Court was presented with a similar issue involving the same type of exclusion. In Phalen a man was also involved in an altercation with another. William Phalen followed Thu Due Vo out of a bar. He placed his arm around Vo and Vo’s female companion. Some verbal disagreement followed and he struck Vo who then ran and was tripped by another. Vo fell to the pavement and suffered substantial injuries. Criminal and civil actions followed and Phalen’s insurer brought action seeking declaratory judgment that it was not obligated to defend or pay. It moved for summary judgment which was granted by the District Court on the basis of policy exclusion.
In Phalen, this Court held that the applicability of coverage could not be determined until the factual issues concerning the intention and expectation of Phalen as to Vo’s injuries was decided in the separate tort action. We held that granting summary judgment was therefore improper. Phalen, 597 P.2d at 728. In Phalen, there was a *309 significant factual question whether Phalen, after hitting and chasing Vo, intended or expected that Vo would be tripped by another and be crashed to the pavement on his face. See, Phalen 597 P.2d at 726 and 727.
In the present case there is also a relevant factual dispute. Both parties agree that McGehee struck Rauker in the face and knocked him to the floor. Both parties agree that the blow or blows caused the injury. However, it is not clear that McGehee expected or intended the injuries that resulted.
The determinative matter in the present case is factual in nature. The true legal issue has already been decided in Phalen — there is a factual distinction applicable in the questioned policy exclusion between intent to do an act and the expectation or intention that that act shall cause a specific injury from the standpoint of the insured.
This Court held in Phalen that an insurance policy stating that it will cover for occurrences, excluding those where injury is expected or intended, includes in coverage intentional acts as long as the resulting injury is neither expected nor intended from the insured’s standpoint. Phalen, 597 P.2d at 724. In Phalen, we said that an insured would not be covered in those cases where deliberate acts or assaults resulted in injuries which would be expected or intended as a result of the act, but where deliberate acts lead to unexpected or unintended results coverage will exits. Phalen, 597 P.2d at 724.
The District Court in the instant case concluded that McGehee did not specifically intend the resulting injuries yet, at the same time, concluded that the harm inflicted was intended and expected from the standpoint of McGehee. The District Court excluded coverage.
As in Phalen, where it was clearly questionable whether Phalen expected or intended that Vo be tripped by another, the injuries suffered by Rauker also present a factual question of intent and expectation. A question of fact precludes summary judgment.
I would reverse and remand to the District Court for trial.